```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
In the Matter of the Arbitration         :
Between                                  :
                                         :
HERRENKNECHT CORP.,                      :
                                         :
             Petitioner,                 :   OPINION & ORDER
                                         :
        V.                               :   06 Civ. 5106 (JFK)
                                         :
BEST ROAD BORING,                        :
                                         :
             Respondent.                 :
-----------------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

Petitioner Herrenknecht Corp. ("Herrenknecht") seeks an order, pursuant to Section 9 of the Federal Arbitration Act, confirming an arbitration award issued in its favor against the Respondent, Best Road Boring ("Best Road"). In addition, Herrenknecht seeks to recover pre-judgment interest at the rate of nine percent and an award of attorneys' fees and costs incurred in obtaining confirmation of the award. Best Road has not opposed or otherwise responded to Herrenknecht's confirmation action. For the reasons that follow, the arbitration award is confirmed, and Herrenknecht's request for pre-judgment interest is granted. Herrenknecht's application for attorneys' fees and costs is denied. However, the Court will fix reasonable attorneys' fees and costs provided that Herrenknecht submits an accounting of fees and costs to the Court within ten (10) days of the entry of this order.

1

**BACKGROUND**

The following undisputed facts are derived from Herrenknecht's Petition to Confirm Arbitration Award ("Petition"); the affidavit of Herrenknecht's attorney, Paul Keneally ("Keneally"), in support of its application for default judgment ("Keneally Affidavit"); and various documents attached thereto.

On August 24, 2004, Herrenknecht, a South Carolina corporation, entered into a contract with Best Road, a Texas corporation, whereby Herrenknecht agreed to lease micro-tunneling equipment to Best Road ("Agreement"). The Agreement provided that any dispute or claim arising from the Agreement would be submitted to binding arbitration in New York City. In addition, the Agreement stated that the prevailing party in arbitration would be "entitled to reasonable attorney's fees, costs, and expenses incurred in the course of arbitration." (Pet., Ex. A ¶ 27.) After Best Road ceased making lease payments as required under the Agreement, Herrenknecht recovered its equipment and notified Best Road that it had breached the Agreement. On November 1, 2005, Herrenknecht initiated arbitration in New York. Although Best Road was notified about the arbitration, Best Road did not participate in the subsequent proceedings. On April 18, 2006, an arbitration award ("Award") was issued in Herrenknecht's favor in the sum of $465,106.30. To date, Best Road has failed

to satisfy the Award.

On July 5, 2006, Herrenknecht filed the instant Petition, seeking confirmation of the Award and a default judgment. Herrenknecht encountered considerable difficulties in locating Best Road and serving it with the Petition and summons. On January 31, 2007, Herrenknecht served Best Road through the Texas Secretary of State, after obtaining leave from the Court. Best Road did not answer Herrenknecht's Petition and has failed to appear in this action.

On March 23, 2007, Herrenknecht submitted the Keneally Affidavit, through which Herrenknecht sought a default judgment in the sum certain of $465,106.30, $407.54 in costs, and $4,417.00 in attorneys' fees. On April 3, 2007, Herrenknecht submitted a proposed order of default judgment which provided that, in addition to the aforementioned sum certain, costs, and attorneys' fees, Herrenknecht would receive pre-judgment interest at the rate of nine percent from May 18, 2006.

**DISCUSSION**

*Confirmation of Arbitration Award*

Herrenknecht has characterized its current application as a request for a default judgment, made pursuant to Federal Rule 55 of the Federal Rules of Civil Procedure. However, as the Second Circuit has noted, "Rule 55 does not operate well in the context of a motion to confirm or vacate an arbitration award."

D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006). In D.H. Blair, the Second Circuit concluded that "default judgments in confirmation/vacatur proceedings are generally inappropriate." Id. at 109.  The court reasoned as follows:

> A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration decision itself, that may resolve many of the merits or at least command judicial deference. When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record.

Id.  Therefore, the Petition and accompanying record should be treated like a motion for summary judgment and, when the respondent fails to answer, like an unopposed motion for summary judgment. See id. at 109-10; see also Travel Wizard v. Clipper Cruise Lines, No. 06 Civ. 2074, 2007 U.S. Dist. LEXIS 163, at *5-6 (S.D.N.Y. Jan. 3, 2007) (stating that "even where one party altogether fails to respond to a motion to vacate or confirm an award . . . district courts should assess the merits of the record rather than entering a default judgment").

Here, Best Road has failed to respond to the Petition. Thus, the Court must examined Herrenknecht's submissions to determine whether confirmation of the Award is warranted.  The record submitted by Herrenknecht clearly supports Herrenknecht's request for a judgment in Herrenknecht's favor.  The Agreement, which was attached to the Petition, expressly stated that the parties agreed to submit all disputes to binding arbitration.

The April 18, 2006 arbitration decision, also attached to the Petition, provided for an award of $465,106.30 in Herrenknecht's favor.  The arbitration decision was based on the arbitrator's finding that Best Road received services and materials from Herrenknecht pursuant to the terms of the Agreement but then "failed and refused to pay the amount due without cause or justification." (Pet., Ex. C. ¶ 1.)  There is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law.  Where, as here, there is no reason to believe that the arbitration process was improper, a court must grant an order to confirm an arbitration award upon the timely application of a party.  <u>See</u> 9 U.S.C. § 9; <u>Florasynth, Inc. v. Pickholz</u>, 750 F.2d 171, 176 (2d Cir. 1984) (stating that confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court".)  Accordingly, the Court grants Herrenknecht's unopposed Petition to confirm the arbitration Award.  Because the Award is for a sum certain, the Court need not make further inquiry into damages, and judgment in the amount of $465,106.30 is warranted. <u>See Associated Musicians of Greater N.Y., Local 802 v. Vanjo Prods.</u>, No. 06 Civ. 7003, 2007 U.S. Dist. LEXIS 15754, at *4-6 (S.D.N.Y. Feb. 27, 2007) (confirming arbitration award and awarding judgment of sum certain stated in arbitration decision).

*Pre-judgment Interest*

In its proposed order of default judgment, Herrenknecht provided for an award of pre-judgment interest at the rate of nine percent. Although Herrenknecht did not expressly request pre-judgment interest in either its Petition or in the Keneally Affidavit, both documents included prayers for "other and further relief that the Court deems just and proper." (Pet., 3, ¶ 4; Keneally Aff., 3, ¶ 2.) Accordingly, the Court will consider whether an award of pre-judgment interest is warranted in this case.

"The decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court." SEIU v. Stone Park Assocs., LLC, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004). In this Circuit, there is "a presumption in favor of prejudgment interest." Waterside Ocean Navigation Co. v. Int'l Navigation Ltd., 737 F.2d 150, 154 (2d Cir. 1984). Courts of this Circuit have found an award of pre-judgment interest to be appropriate where the agreement between the parties states that an arbitration decision is final and binding. See, e.g., Soft Drink & Brewery Workers Union Local 812, IBT v. Ali-Dana Bevs., No. 95 Civ. 8081, 1996 U.S. Dist. LEXIS 10585 (S.D.N.Y. Jul. 24, 1996). The "common practice" among courts within the Second Circuit is to grant interest at a rate of nine percent, the rate of pre-judgment interest under New

York State law. <u>SEIU</u>, 326 F. Supp. 2d at 550 (citing N.Y. C.P.L.R. §§ 5001-5004); <u>see</u> <u>also</u> <u>Westchester Fire In. Co. v. Massamont Ins. Agency, Inc.</u>, 420 F. Supp. 2d 223, 226 (S.D.N.Y. 2005) (stating that "[i]n diversity actions, interest is to be calculated according to the statutory rate prescribed by the law governing the contract").

In light of the presumption in favor of awarding pre-judgment interest and the fact that the Agreement stated that the arbitration decision would be final and binding, an award of pre-judgment interest is warranted in this case. Herrenknecht is entitled to recover pre-judgment interest at New York's statutory rate of nine percent, from May 18, 2006 until the date of entry of this order.

*Attorneys' Fees & Costs*

Herrenknecht also seeks $4,417.00 in attorneys' fees and $407.54 in costs. "[I]n a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." <u>International Chemical Workers Union, Local No. 227 v. BASF Wyandotte Corp.</u>, 774 F.2d 43, 47 (2d Cir. 1985). Section 9 of the Federal Arbitration Act does not provide for recovery of attorney's fees. Nevertheless, "because a court may, in the exercise of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith, attorney's fees and costs may be proper when a party

7

opposing confirmation of an arbitration award refuses to abide by an arbitrator's decision without justification." N.Y. City Dist. Council of Carpenters Pension Fund v. Eastern Millenium Constr., Inc., No. 03 Civ. 5122, 2003 U.S. Dist. LEXIS 21139, at *8 (S.D.N.Y. Nov. 20, 2003) (citation and internal quotation marks omitted).

     Here, an award of attorneys' fees and costs is justified.  By entering into the Agreement with Herrenknecht, Best Road agreed to submit all disputes to binding arbitration.  Further, the Agreement provided that the prevailing party in arbitration shall be entitled to reasonable attorneys' fees, costs, and expenses.  Best Road refused to participate in the arbitration proceeding, failed to satisfy the arbitration award or, alternatively, to contest the award, and subsequently failed to oppose Herrenknecht's petition to confirm the award.  Thus, Best Road has offered no justification for refusing to comply with the decision of the arbitrator. See id. (awarding attorneys' fees where defendant did not pay arbitration award and failed to respond to petition to confirm arbitration); In the Matter of Arbitration between Soft Drink and Brewery Workers Union Local 812, IBT, AFL-CIO and Ali-Dana Beverages, Inc., No. 95 Civ. 8081, 1996 U.S. Dist. LEXIS 10585, at *9 (S.D.N.Y. July 25, 1996) (awarding attorney's fees where defendant "failed to either pay the award or file a motion to vacate or modify"); Hunt v.

Commodity Haulage Corp., 647 F. Supp. 797, 799 (E.D.N.Y. 1986) (finding defendants' failure to pay arbitration award was "without justification" where defendants had agreed to binding arbitration under a collective bargaining agreement, then chose not to participate in the arbitration proceedings and did not oppose petition for confirmation).

Although Herrenknecht is entitled to recoup reasonable attorneys' fees and costs, the Keneally Affidavit does not contain, and Herrenknecht has not otherwise submitted, any record support for the fees and costs that Herrenknecht claims to have incurred in obtaining confirmation of the Award. Absent record support for the amounts requested, such as attorney time records, the Court cannot determine whether Herrenknecht's request for reimbursement of fees and costs is, in fact, reasonable. Accordingly, Herrenknecht's application for fees and costs is denied. However, the Court will order an award of reasonable fees and costs if Herrenknecht provides, within ten (10) days of the entry of this order, a satisfactory accounting of the fees and costs it incurred in obtaining confirmation of the arbitration award.

## CONCLUSION

For the reasons set forth above, the arbitration award is hereby CONFIRMED. Accordingly, Best Road owes Herrenknecht $465,106.30, plus interest calculated at the rate of 9% per

annum, from May 18, 2006 to the date of entry of this order. Herrenknecht's application for attorneys' fees and costs is DENIED.  However, the Court may fix reasonable attorneys' fees and costs by future Order provided that Herrenknecht supplies the Court with an accounting of costs and fees within ten (10) days of the entry of this Order.  The Clerk of the Court is directed to enter judgment accordingly.

**SO ORDERED.**

**Dated:**    New York, New York
             April, /6  2007

                        _____
                        JOHN F. KEENAN
                        United States District Judge